UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:14-CV-03144** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **LAND ST MARTIN PARISH ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

### REPORT AND RECOMMENDATION

Before the Court is a Complaint in Condemnation ("Complaint") filed by the government concerning Tracts 107E-1 and 107E-2 located in Section 28, Township 11 South, Range 9 East of St. Martin Parish, Louisiana. (Rec. Doc. 1). The Complaint is unopposed. The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the arguments presented, and for the reasons explained below, the Court recommends that—title to the aforementioned tracts having vested in the United States—the prior owners as listed herein and in government Exhibit 3[1] are entitled to just compensation fixed at $40,000, the government's proposed judgment and order be issued,[2] and that all such funds be disbursed upon the filing of an appropriate motion by the government pursuant to Local Rule 67.3.

### Factual Background

This condemnation action was instituted by the government regarding two tracts located in the Atchafalaya Basin in St. Martin Parish, Louisiana, Tract 107E-1 and 107E-2, hereinafter referred to as "Tract 1" and "Tract 2", respectively. According to the record, Tracts 1 and 2 were

---

[1] Attached hereto as **Exhibit A**.
[2] Attached hereto as **Exhibit B**.

taken by the government under its power of eminent domain[3] in support of water circulation and sediment redirection efforts in the Buffalo Cove Water Management Unit of the Atchafalaya Basin Floodway System. (Rec. Doc. 1-2 at 1). Upon institution of this action, the government deposited the sum of $40,000 in the registry of the Court, constituting what it asserts is just compensation for the taking of both tracts at issue. (Rec. Doc. 4). The Court granted the government's subsequent "Motion for Delivery of Possession" by Order of December 8, 2014. (Rec. Doc. 7). A series of motions sought dismissal of certain defendants and the addition of certain other defendants, ostensibly as a result of further investigation regarding record ownership of Tracts 1 and 2. (Rec. Docs. 11, 14 and 32). At the government's request, a hearing was held before the undersigned on February 7, 2023 for the purpose of taking evidence as to title and just compensation in this matter. (Minutes, Rec. Doc. 60).

## **Applicable Standards**

The Fifth Amendment to the Constitution of the United States prohibits government taking of private property without just compensation. The Takings Clause of the Fifth Amendment requires that any exercise of eminent domain by a state or federal government be subject to the "public use" requirement, which is interpreted to require that any such taking be for a "public purpose." *Kelo v. City of New London, Conn.*, 545 U.S. 469, 476 (2005) (citing *Hawaii Housing Authority v. Midkiff*, 467 U.S. 229 (1984); *Berman v. Parker*, 348 U.S. 26 (1954)). Federal district courts have "original jurisdiction of all proceedings to condemn real estate for the use of the United States or its departments or agencies." 28 U.S.C. § 1358. Federal courts sitting in condemnation cases are authorized to determine who among competing claimants held title to land prior to its

---

[3] 40 U.S.C. §§ 3113, 3114; 33 U.S.C. §§ 591, 594.

condemnation. *Clark v. White*, 185 F.2d 528, 530 (5th Cir. 1950). Federal Rule of Civil Procedure 71.1 provides that the court "tries all issues, including compensation, except when compensation must be determined by [tribunal or jury]." Fed. R. Civ. P. 71.1(h). Where, as here, no jury trial on the issue of compensation is requested by any party, the court should also try the issue of just compensation. *Id*.

Prior to trial on these issues, the government must identify and notify all parties in interest, such that any interested claimant may appear and contest the government's representations as to title and/or just compensation. Fed. R. Civ. P. 71.1(d), (e). Any party who fails to appear to contest title or ownership may still appear for the purpose of contesting just compensation. Fed. R. Civ. P. 71.1(e)(3). "Just compensation" is the "full and perfect equivalent in money of the property taken." *U.S. v. Miller*, 317 U.S. 369, 373 (1943). "Fair market value" is an acceptable measure of just compensation and requires a determination of what a purchaser might have paid for the property in a private sale. *Id.* at 374 (internal citations omitted).

## Analysis

The government's Complaint establishes that it instituted condemnation proceedings as to Tracts 1 and 2 for the advancement of the Buffalo Cove Water Management Unit of the Atchafalaya Basin Floodway System, a public land and water management project created by the Energy and Water Development Appropriations Act of 1988, Public Law 100-102, 101 Stat. 1329, 1329-110. (Rec. Doc. 1-2). This Court finds the government's stated purpose is a "public use" as required by the Takings Clause to the Fifth Amendment. *Kelo*, 545 U.S. at 476.

This Court is satisfied that the government fulfilled its obligation to identify those persons who may possess an ownership interest in Tracts 1 and 2. Specifically, the government obtained a policy of title insurance, in which twenty-eight (28) heirs and successors in interest of the now-

deceased Fernest and Constance Segura were identified. (Rec. Doc. 61-1 at pp 8-10). According to a document prepared by the government entitled "Allocation of Interests[,]" attached hereto as "Exhibit A" the following persons are defendant landowners to this condemnation action possessing compensable ownership claims in the specified amounts:

| | |
|---|---|
| ESTATE OF FERNEST SEGURA | * |
| ESTATE OF CONSTANCE MOLBERT SEGURA | * |
| ESTATE OF CLENIE SEGURA | * |
| ESTATE OF KENNETH C. SEGURA | * |
|     Charlotte Segura Chaplin | .02083335 |
|     Susan Segura Hunsacker | .02083335 |
|         Judith S. Theriot | .0416667 |
|         Jennifer S. Neuville | .0416667 |
| ESTATE OF WILLIE MAE SEGURA BARRILLEAUX | * |
|     Melissa Barrilleaux Broussard a/k/a Malissa Broussard | .0138888 |
|     Leslie Barrilleaux | .0138889 |
|     Shelby Barrilleaux | .0138889 |
| ESTATE OF LEWIS SEGURA | * |
|     Robert L. Segura | .1666667 |
| ESTATE OF ALTON SEGURA | .1666667 |
|     Gussie Segura Broussard | .1666667 |
| ESTATE OF JENNY LEE SEGURA DECUIR | * |
|     Julian Kim Decuir | .0555556 |

| | |
|---|---|
| Julie Decuir Prudhomme | .0555555 |
| David R. Decuir | .0555555 |
| ESTATE OF EUGENE SEGURA A/K/A EUGENE SEGURA, SR. | * |
| Maxine Segura Mouton | .0333334 |
| Jill Segura Mahoney | .0333333 |
| Melanie Segura LeBlanc | .0333333 |
| Eugene Segura, Jr. | .0333333 |
| ESTATE OF JODY V. SEGURA | * |
| Isaac Jared Segura | .01666665 |
| Scarlet Segura Arreola | .01666665 |
| ESTATE OF LLOYD SEGURA | * |
| ACADIANA LAND SERVICES, LLC | *[4] |

This Court is satisfied that the government fulfilled its obligation to provide notice of this condemnation action and, most recently, the hearing on the issue of just compensation, to all identified property owners. (Rec. Docs. 13, 34 – 53, 59). To date, no defendant landowner has appeared in this matter.

This Court is also satisfied that the government fulfilled its burden to present evidence of the fair market value of Tracts 1 and 2, to wit: an appraisal prepared by Bruns Real Estate Services, Inc. (Rec. Doc. 61-2) which values the land at issue at $400 per acre, resulting in a total value of $66,600. (*Id.* at 1, 35 – 36). A reduction in the total value of $30,600 results from the acquisition of a Perpetual Water Circulation Easement and Perpetual Monitoring Easement pursuant to the

---

[4]   The "*" denotes a non-compensable interest, resulting in no payment to such heir or successor-in-interest.

public use cited above. (*Id.* at 1). The residual fair market value of Tracts 1 and 2 is $36,000. (*Id.* at 1). During negotiations with the landowners, an offer to sell the tracts for $40,000 was executed, and, thus, the government deposited the sum of $40,000 into the registry of the court. (Rec. Doc. 4). An affidavit filed in the record indicates that, per this Court's instruction, all defendant landowners were notified of the hearing and their opportunity to appear to contest the issue of just compensation. (Rec. Doc. 59). No party appeared at the hearing to contest the government's evidence of fair market value.

Although the government initially requested a jury trial on the issue of just compensation, the government waived its prior jury demand at the hearing as allowed by Federal Rule of Civil Procedure 39(a)(1). As no party now requests trial by jury on the issue of just compensation, the court may determine just compensation. Fed. R. Civ. P. 71.1(h). A majority of the landowners with compensable interest in Tracts 1 and 2 have consented to the government's fair market valuation at $40,000. (Rec. Doc. 54 at p. 5, n. 1). Considering the evidence presented, this Court finds the government has established a fair market value of $40,000 for Tracts 1 and 2. Accordingly, this Court also finds $40,000 to be just compensation for the government's taking of the lands comprising Tracts 1 and 2 for public use.

## Conclusion

For the reasons discussed herein, this Court recommends that a judgment issue as offered by the government in its proposed judgment attached hereto as "Exhibit B" and also found at Rec. Doc. 61-1, pp. 257 – 260 in the record of this case. Additionally, this Court recommends that the government be ordered to file an appropriate motion for disbursement of funds under Local Rule 67.3 after issuance of the Court's judgment of title and just compensation.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

**THUS DONE** in Chambers, Lafayette, Louisiana on this 17th day of February, 2023.

**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**